**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| MOUNTAIN CRANE SERVICE, LLC, a Utah Limited Liability Company; and MOUNTAIN NATIONAL CRANE RENTAL, LLC, a Utah Limited Liability Company, | **MEMORANDUM DECISION AND ORDER GRANTING [66] MOTION FOR SANCTIONS** |
|      Plaintiffs, | |
| vs. | |
| BRIAN P. WENNESHIEMER, an individual; and JOHN DOES 1-10, | |
|      Defendants. | |
| ——————————————— | Civil No. 2:15-cv-00408-DN-EJF |
| BRIAN P. WENNESHIEMER, an individual, | Judge David Nuffer |
|      Counterclaimant, | Magistrate Judge Evelyn J. Furse |
| vs. | |
| MOUNTAIN CRANE SERVICE, LLC, a Utah limited liability company; and MOUNTAIN NATIONAL CRANE RENTAL, LLC, a Utah limited liability company, | |
|      Counterclaim Defendants. | |

Defendant Brian P. Wenneshiemer ("Mr. Wenneshiemer") moves the Court pursuant to Federal Rule of Civil Procedure ("Rule") 11(c) to sanction Plaintiffs Mountain Crane Service, LLC and Mountain National Crane Rental, LLC (collectively "Mountain Crane"), and their counsel.  (Defs.' Rule 11 Mot. for Sanctions ("Mot.") 1, ECF No. 66.)  Mr. Wenneshiemer requests the Court award him attorney's fees for bringing this Motion, "strike those paragraphs

1

of the Complaint that are factually inaccurate and are unsupported by [Mountain Crane's] own drafted documents", and "consider dismissing the Complaint." (*Id.* at 1-2.) Having carefully reviewed the parties' briefing, the case record, and heard oral argument, the Court finds evidence of bad faith on Mountain Crane's part for failing to disclose its prior relationship with Crawler Crane. Therefore the Court ORDERS Mountain Crane to pay Mr. Wenneshiemer's attorney's fees for preparing the Motion for Sanctions, participating in the hearing on the Motion, and answering the Amended Complaint. Additionally, the Court ORDERS Mountain Crane to amend its complaint to acknowledge its prior partnership with Crawler Crane.

## JURISDICTION

Mountain Crane brings the instant action under diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Am. Compl. ¶¶ 1-5, ECF No. 52.) Mountain Crane, as a limited liability company, "takes the citizenship of all its members". *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015). The filing of the complaint constitutes the relevant date for determining complete diversity. *Id.* at 1239. According to Mountain Crane, at the time it filed its Complaint, its ownership consisted of four members: Paul Belcher, David Belcher, Lon Stam, and Vern Belcher. (Am. Compl. ¶ 11, ECF No. 52.) At the hearing on this Motion, counsel for Mountain Crane represented that all four members reside in Salt Lake City, Utah. (ECF No. 97.) Mr. Wenneshiemer resides in Michigan. (Am. Compl. ¶¶ 3-4, ECF No. 52.) The amount in controversy exceeds $75,000, exclusive of interest and costs. (*Id.* ¶ 4.) As a result, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

## LEGAL STANDARD

Rule 11(b) warns attorneys that "[b]y presenting to a court a pleading, written motion, or other paper," the attorney "certifies that to the best of the person's knowledge, information, and

belief, formed after an inquiry reasonable under the circumstances," that the document meets the following standards:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b)(1)-(4). "In short, Rule 11 requires that a 'pleading be, to the best of the signer's knowledge, well grounded in fact, warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and . . . not interposed for any improper purpose.'" *Predator Int'l, Inc. v. Gamo Outdoor USA, Inc.*, 793 F.3d 1177, 1182 (10th Cir. 2015) (quoting *Coffey v. Healthtrust, Inc.*, 1 F.3d 1101, 1104 (10th Cir. 1993)). "Rule 11 sanctions serve to punish a knowing filing of a false and misleading pleading." *Coffey*, 1 F.3d at 1104. The court may sanction the attorney and/or the client. *White v. Gen. Motors Corp.*, 908 F.2d 675, 679 (10th Cir. 1990). Courts use an "objective reasonableness" standard to evaluate conduct under Rule 11; specifically, courts will sanction conduct under Rule 11 if "after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact and is warranted by existing law." *Adamson v. Bowen*, 855 F.2d 668, 673 (10th Cir. 1988) (quoting *Eastway Constr. Corp. v. City of New York*, 762 F.2d 243, 254 (2d Cir. 1985)). Before sanctioning a client, the court must make explicit findings regarding the client's knowledge of the wrongdoing. *White*, 908 F.2d at 687.

Rule 11(c) further requires a motion for sanctions "not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed. R. Civ. P. 11(c)(2). After the expiration of the twenty-one day "safe harbor" period, if the court determines a party violated Rule 11(b), "the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). An appropriate sanction "suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4).

## PROCEDURAL HISTORY

Mr. Wenneshiemer certified that he served Mountain Crane with a copy of the Motion for Sanctions on January 12, 2016. (Mot. 7, 9, ECF No. 66.) Mountain Crane did not attempt to correct any of the alleged errors during the safe harbor period. (*Id.* at 7.) Mr. Wenneshiemer subsequently filed the Motion on February 29, 2016, forty-eight days after serving Mountain Crane, thereby satisfying the requirements of Rule 11(c)(2). Hence, the Court will determine if Mountain Crane violated Rule 11(b) and if so, the appropriate sanction to deter such conduct in the future.

## DISCUSSION

Mr. Wenneshiemer argues Mountain Crane violated Rule 11(b) by failing to conduct a reasonable inquiry into the factual contentions in its Amended Complaint. (Mot. 6-7, ECF No. 66.) Specifically, Mr. Wenneshiemer challenges paragraphs 29 through 32, 36, 37, and 40. (*Id.* 2-6.)

I.   **Formation of Crawler Crane**

In paragraphs 29 through 32 of its Amended Complaint Mountain Crane alleges that in 2009, it learned Mr. and Mrs. Wenneshiemer created Crawler Crane "for the purpose of brokering crane rentals for companies other than Mountain Crane," that Mr. Wenneshiemer used Crawler Crane "to direct business away from Mountain Crane for his own personal gain," that Mountain Crane demanded Mr. Wenneshiemer "immediately cease operating Crawler Crane", and that Mr. Wenneshiemer agreed and informed Mountain Crane he had done so.  (Am. Compl. ¶¶ 29-32, ECF No. 52.)  These alleged facts conflict with the minutes from a December 2008 Mountain Crane board meeting discussing Crawler Crane, (Quarterly Meeting Mins., Dec. 19, 2008, ECF No. 77-5), the 2008 K-1 from Crawler Crane for Mountain Crane showing Mountain Crane as a forty-nine percent partner for the 2008, (ECF No. 77-8), and the September 23, 2011 Partnership Amendment Agreement, signed by Mountain Crane stating that Mountain Crane entered the partnership in August 2008, (ECF No. 77-11).

Mountain Crane admits its Amended Complaint does not accurately reflect the date it first learned about Crawler Crane and that Mrs. Wenneshiemer solely formed Crawler Crane. (Opp'n 4, ECF No. 77.)  At the Motion hearing, Mountain Crane's lead counsel denied having knowledge when he drafted the Amended Complaint of Mountain Crane's stake in Crawler Crane.  (May 9, 2016 Hr'g, ECF No. 97.)  However, Mountain Crane's lead counsel admitted that Mountain Crane had such knowledge.  (*Id.*)  On these facts, the Court finds, Mountain Crane had an interest in Crawler Crane beginning sometime in 2008.

Mountain Crane's allegation that Mr. Wenneshiemer used Crawler Crane "to direct business away from Mountain Crane for his own personal gain", (Am. Compl. ¶ 30, ECF No. 52), is also misleading in the context of the Amended Complaint because during the period

between the partnership beginning sometime in 2008 and its termination in September 2011, any business actions Mr. Wenneshiemer took on Crawler Crane's behalf benefited Mountain Crane as well because it had a forty-nine percent interest in the Crawler Crane according to the tax records.  (ECF Nos. 77-8, 77-9.)  Because Mountain Crane held an interest in Crawler Crane, the Amended Complaint's allegation that when it learned of Crawler Crane it "confronted Wenneshiemer and demanded that he immediately cease operating Crawler Crane" does not ring true either.  (Am. Compl. ¶ 31, ECF No. 52.)  Similarly, the allegation that Mr. Wenneshiemer ceased operating Crawler Crane upon Mountain Crane's learning of Crawler Crane's existence is likewise inaccurate given Mountain Crane knew Mrs. Wenneshiemer was the only owner of Crawler Crane other than itself, received K-1s for at least 2008 and 2009, and did not amend the agreement until September 2011.  (*Id.*  ¶ 32; Partnership Amendment Agreement, ECF No. 77-11.)

Mountain Crane asserts a different version of the facts surrounding Crawler Crane's formation and Mr. Wenneshiemer's involvement in its Opposition than it included in its Amended Complaint.  (Opp'n 17-20, ECF No. 77.)  Mountain Crane then claims, essentially, the facts it asserts in its Amended Complaint reflect these more detailed facts but at a level of abstraction allowed for by liberal pleading standards.  (*Id.* at 21.)

This Court disagrees.  The facts asserted at these paragraphs misstate facts known to Mountain Crane at the time it filed its Amended Complaint.  Mountain Crane did not allege these facts "on information and belief" or make any other attempt to suggest that they would likely find evidentiary support for these facts later.  Furthermore, Mountain Crane should have possessed the documents that contradict these alleged facts—Mountain Crane's meeting minutes, Mountain Crane's K-1s, and at least one agreement signed by Mountain Crane.  Thus, the Court

concludes that Mountain Crane's assertion of the Crawler Crane facts was not objectively reasonable. *See Preston v. CitiMortgage,* 636 F. App'x 968, 970 (10th Cir. 2016) (unpublished) (identifying "ultimate decision" under Rule 11 as "whether it was objectively reasonable for the [party] to assert these claims") (citing *White,* 908 F.2d at 680). Mountain Crane violated Rule 11 in alleging these facts in this manner.

## II. Competition with Mountain Crane

The Amended Complaint alleges that Mr. Wenneshiemer diverted business opportunities away from Mountain Crane and to himself through Crawler Crane, evidenced in part by Mr. Wenneshiemer's e-mail exchanges on his former e-mail account at Mountain Crane through 2014. (Am. Compl. ¶¶ 36-37, 40, ECF No. 52; Collection of E-mail, ECF No. 77-12.) Mr. Wenneshiemer contends that in the Partnership Amendment Agreement Mountain Crane consented to the continuation of Crawler Crane, and thus none of these actions surprised Mountain Crane or constituted an unauthorized use of company information. (Mot. 3-4, 6, ECF No. 66.) The Partnership Amendment Agreement does acknowledge that "The Partnership Agreement in its original and amended form will remain in full force and effect except as expressly modified by this Amendment." (Partnership Amendment Agreement, ECF No. 77-11.) Nothing in the agreement suggests Crawler Crane will stop doing business. Mountain Crane signed the agreement, and the agreement has a line for Angela Wenneshiemer's signature. (*Id.*) That the agreement did not explicitly limit Crawler Crane's future business does not necessarily mean Mountain Crane consented to Mr. Wenneshiemer's continual involvement with Crawler Crane, however. What Mountain Crane and Mr. Wenneshiemer's understanding of Mr. Wenneshiemer's involvement in Crawler Crane following the Partnership Amendment Agreement would entail remains disputed. (*Cf.* Mot. 7, ECF No. 66; Reply 6, ECF No. 86; *with*

Opp'n 8, ECF No. 77.)  The allegations at paragraphs 36, 37, and 40 reflect a factual and/or legal

dispute for resolution through trial not through a Rule 11 motion.

Disputes over factual contentions do not provide a basis for dismissal under Rule 11.

*Cook v. Rockwell Int'l Corp.*, 147 F.R.D. 237, 248 (D. Colo. 1993)) (citing *Mary Ann Pensiero,*

*Inc. v. Lingle*, 847 F.2d 90, 95 (3d Cir. 1988)).  Both parties have evidentiary support for their

positions; none of which definitively resolves the dispute.  Therefore, Mountain Crane did not

violate Rule 11 in alleging these facts in this manner.

### III.  Sanctions

Any sanction imposed under Rule 11 "must be limited to what suffices to deter repetition

of the conduct or comparable conduct by others similarly situated."  Fed. R. Civ. P. 11(c)(4).

While the Court finds evidence of bad faith on Mountain Crane's part for failing to disclose its

prior relationship with Crawler Crane, such misconduct does not warrant a sanction as drastic as

dismissal of the Amended Complaint.  Instead, the Court ORDERS Mountain Crane to pay Mr.

Wenneshiemer's attorney's fees for drafting the instant Motion for Sanctions and participating in

the hearing on it.

 The Court does not order payment for fees related to the Reply brief.  The Reply brief

made new allegations in violation of DUCivR 7-1(b)(2)(B) and accusations that violated Rule

Three of the Utah Rules of Professionalism and Civility.  The Reply brief did not advance

resolution of this Motion, and the Court will not require Mountain Crane to pay the fees for

preparation of the Reply as a result.

The Court further ORDERS Mountain Crane to amend its Complaint so that it accurately

alleges Mountain Crane's relationship with Crawler Crane.  Mountain Crane should wait to file

its Motion to Amend until the Court rules on its pending Motion to Amend, ECF No. 89.

The Court finds the allegations at paragraphs 29 through 32 significantly color the remainder of the Amended Complaint, and the dispute now before the Court appears quite different from the dispute pled in the Amended Complaint.  In this regard, the Court also notes that the Membership Purchase Agreement represents that Mountain Crane did not know of any non-compete and does not include a non-compete provision.  (Membership Repurchase Agreement, ECF No. 52-4.)  More significantly, the Membership Purchase Agreement, which Mountain Crane attached to the Amended Complaint, specifically states:

> It is further hereby agreed that Member is not and/or is no longer bound by any "NonCircumvention", "Non-Compete" or "Confidentiality" or similar obligations or restrictions that he has or may have executed with the Company prior to the date of this Agreement, whether written, oral,, including, but not limited to those contained in any employment and/or non-compete agreement or any management or operating agreement he may or may not have entered into with the Company, the same obligations or restrictions being expressly repealed and waived hereby.

(*Id.* at 3.)  The Amended Complaint, however, nowhere acknowledges this waiver.  This clause in combination with the omitted facts makes Mountain Crane's Amended Complaint even more misleading because the reader, if apprised of these facts (which Mr. Wenneshiemer was), would not know where the obligations Mountain Crane alleges arise from.  Courts have held that a failure "to mention the existence of a release that could bar a claim is sanctionable under Rule 11."  *White*, 908 F.2d at 682 (citing *Blackwell v. Dept. of Offender Rehab.*, 807 F.2d 914 (11th Cir. 1987).  At oral argument, Mountain Crane explained it only asserts some of these claims if it can have the Membership Purchase Agreement declared void or voidable.  But the Amended Complaint gives no hint of this intent.

Under these circumstances, the Amended Complaint failed to put Mr. Wenneshiemer on notice of Mountain Crane's claims through its own failures to allege facts known to it.  Hence, the Court ORDERS Mountain Crane to pay Mr. Wenneshiemer's attorney's fees for answering the Amended Complaint.

The Court sanctions Mountain Crane because it knew of the falsity of the Crawler Crane allegations at the time it asserted them, and its counsel did not.  These sanctions reflect the minimum needed to deter similar conduct in the future.

Mr. Wenneshiemer should file a Motion with an affidavit detailing the fees incurred. Mountain Crane will have the opportunity to contest the amount of the fees but not the awarding of them.

DATED this 27th day of September 2016.

BY THE COURT:

EVELYN J. FURSE
United States Magistrate Judge

10